

# THE ATTORNEY GENERAL

## OF TEXAS

AUSTIN 11, TEXAS

WILL WILSON
ATTORNEY GENERAL

October 25, 1962

Mr. William A. Harrison
Commissioner of Insurance
State Board of Insurance
Austin, Texas

Opinion No. WW-1457

Re: Whether the adoption of (1) a
standard textbook on property-
casualty insurance or (2) a
standard textbook with revisions
on the subject of property-
casualty insurance will satisfy
Section 7 of Article 21. 14 of
the Insurance Code and related

Dear Sir:

question.

You have requested the opinion of this office whether or not
the adoption by the State Board of Insurance of (1) a standard textbook
on property-casualty insurance of (2) a standard textbook on the subject
of property-casualty insurance with certain revisions made by the
State Board of Insurance would satisfy Section 7 of Article 21. 14 of
the Insurance Code which refers to a "manual of questions and answers
published under the direction of the Board of Insurance Commissioners."
Secondly, you asked whether or not the State Board of Insurance would
be authorized by Section 7 of Article 21. 14 to charge a fee representing
the cost of such a textbook from persons interested in preparing them-
selves for the agent's examination.

In the past the State Board of Insurance has published an
inexpensive mimeographed manual of questions and answers in compli-
ance with Section 7 of Article 21. 14, and distribution of this manual
has been made without charge. However, the Board feels that the
present manual does not contain all of the information necessary for
the applicant for an agents license and contemplates some extensive
changes.

In answer to the first question it is the opinion of this office
that the State Board of Insurance may either adopt (1) some standard
textbook on the subject of property-casualty insurance, that contains
questions and answers as provided in Section 7 of Article 21. 14, or
(2) the State Board of Insurance may adopt a standard textbook on
property-casualty insurance with revisions by the State Board of

Insurance made in its text which contains such questions and answers. The only requirement of Section 7 of Article 21.14 in this respect is that the manual, or whatever the type of publication, be published under the direction of the State Board of Insurance. The type of manual or book to be published under the direction of the State Board of Insurance is apparently left to the discretion of the State Board of Insurance. There is no requirement that the manual or book be entirely prepared or prepared in part by the State Board of Insurance or its employees.

In answer to the second question, it is the opinion of this office that the State Board of Insurance may not charge a fee which represents the cost of each manual or book. Section 7 of Article 21.14 does not authorize the charging of such a fee, and such authority is not generally implied. See WW-1285. Section 7 of Article 21.14 does not require that the State Board of Insurance make a gift of the said manual to the prospective examinees but only requires that it shall be made available for the use of the prospective persons to prepare for the examination. Availability of these manuals or books on a loan basis to the prospective examinees would be an adequate compliance with Section 7 of Article 21.14 by the State Board of Insurance.

## SUMMARY

To comply with Section 7 of Article 21.14 of the Texas Insurance Code, the State Board of Insurance may either (1) adopt some standard textbook on the subject of property-casualty insurance that contains questions and answers as provided in Section 7 of Article 21.14, or (2) adopt a standard textbook on property-casualty insurance with revisions in the text and questions and answers made by the State Board of Insurance. The State Board of Insurance may not charge a fee for this publication.

Very truly yours,

WILL WILSON
Attorney General of Texas

Mr. William A. Harrison, page 3 (WW-1457)

By: BOB E. SHANNON
Assistant Attorney General

BES: ms

APPROVED:
OPINION COMMITTEE

W. V. Geppert, Chairman
Robert Lewis
Frank Booth
Fred Ward

REVIEWED FOR THE ATTORNEY GENERAL
BY:  Leonard Passmore